## SHARP v. McBRIDE ET AL.

REPLEVIN.—*Priority of Liens.—Admission of Title.—New Trial.*—In an action to recover the possession of a buggy, the evidence showed that A. mortgaged such buggy, with other property, real and personal, to B. and C. The mortgage was in due time foreclosed and the buggy sold by the proper sheriff, under the decree, to B., to whom immediate possession was delivered. B. subsequently sold it to the plaintiff. The defendant claimed title through a constable's sale made after the sheriff's sale, the levy, however, having been made before. There was nothing in the evidence tending to show that the execution in the constable's hands, upon which he made the sale, had any priority of lien over the lien created by the mortgage to B. and C. Verdict below for the defendant.

*Held,* that a motion for a new trial ought to have been granted.

*Held,* also, that an offer made by B., to the purchaser at the constable's sale, and while the buggy was in the possession of the latter, to trade him certain real estate for the buggy and a certain judgment, can not be construed as an implied admission of title in such purchaser, the motive of B. in making the offer not being disclosed.

From the Clay Circuit Court.

*J. A. McNutt, S. W. Curtis* and *E. S. Holliday,* for appellant.

*W. M. Ridpath, G. H. Knight* and *C. A. Knight,* for appellees.

NIBLACK, J.—This was a suit by Pliny F. Sharp, against Francis M. McBride and Mary Vancuren, to recover the possession of a buggy, McBride being only a nominal party.

A trial by a jury resulted in a verdict and judgment for the defendants.

The only question presented here is that of the sufficiency of the evidence, a motion for a new trial raising that question below having been overruled.

The evidence introduced on behalf of the plaintiff tended to show, that in May, 1874, the Lewis Coal Company mortgaged the buggy, with other property, both real and personal, to Jacob B. Warner and William Leavitt, to secure the payment of a considerable sum of money ; that at the October term, 1874, of the court below, there was a decree of foreclosure and order for the sale of the mortgaged property ; that on the 20th day of November, 1874, the buggy was sold by the proper sheriff on the order for its sale and purchased in by Leavitt, one of the mortgagees, to whom the possession was immediately delivered, and who took the buggy home with him ; that Leavitt soon afterward lost the possession of the buggy, but, having after a while regained such possession, sold it to the plaintiff. The evidence made what appears to us to have been a good *prima facie* title to the buggy in the plaintiff.

On behalf of the defendants, there was evidence tending to show that the buggy had been levied upon as the property of the Lewis Coal Company by a constable, before it was sold at sheriff's sale, upon an execution in favor of one Nathaniel P. Brown ; that, soon after Leavitt purchased the buggy at the sheriff's sale, the constable got possession of it and sold it at constable's sale on the execution in favor of Brown, at which sale Brown became the purchaser, obtaining at the same time the possession of the buggy. The evidence, however, as to the levy upon, and the sale of, the buggy by the constable, was by parol only, and nothing was said as to when the supposed lien of the execution in the hands of the constable attached to the buggy. Nor were any particulars given either as to the date of the levy, or the circumstances under which the levy was made.

There was also evidence tending to show that, soon after the buggy was sold by the constable, Leavitt went to Brown and proposed to sell him a lot in an addition to the city of Brazil for two hundred and seventy-five dollars, and to take the buggy and a judgment on the Lewis Coal Company for about one hundred and fifty dollars in payment; that Brown accepted the proposition, but afterward became dissatisfied, and refused to surrender the buggy or to otherwise complete his purchase of the lot; that, soon after Brown's refusal to surrender the buggy on the land trade, he sold it to Mrs. Vancuren, one of the defendants.

Many other things were testified to, or otherwise shown, upon the trial, but we have briefly recapitulated so much of the evidence as appears to us to have had a material bearing upon the matters really in issue between the parties.

There was nothing in the evidence either showing, or tending to show, that the execution in the constable's hands in favor of Brown had any priority of lien upon the buggy over the lien created by the mortgage to Warner and Leavitt, the sufficiency of which latter lien became a matter adjudicated upon the foreclosure of the mortgage, and hence the evidence did not affirmatively show that Brown acquired any title to the buggy by his purchase at the constable's sale.

The evidence concerning Leavitt's offer to Brown to trade for the buggy did not in any manner disclose the motive which actuated Leavitt in making the offer, and we see nothing in the transaction which could be fairly construed into an implied admission of title to the buggy in Brown. Leavitt may have preferred to get possession of the buggy through the medium of a trade, to carrying on a further controversy about it.

After a careful consideration of the evidence, we have

come to the conclusion that the court below erred in overruling the plaintiff's motion for a new trial.

The judgment is reversed, with costs, and the cause remanded, for a new trial.